## CIRCUIT COURT OF LOUDOUN COUNTY

Star Rug and Upholstery, Inc.

v.

John R. Isom, Sheriff, et al.

Case No. (Law) 13956

BY JUDGE JAMES H. CHAMBLIN

December 7, 1992

This case is before the Court on the Plea of Statute of Limitations, Plea of Res Judicata and Collateral Estoppel and Demurrer of Robert R. DeLuca, Marilyn S. DeLuca and Countryside Commercial and Professional Center Limited Partnership, and the Demurrer of John R. Isom, Sheriff. The Court heard argument on 4 December 1992.

For the reasons hereinafter set forth, the Plea of Statute of Limitations and Plea of Res Judicata and Collateral Estoppel are overruled at this time, but the Demurrers are sustained.

### Plea of Statute of Limitations

The gist of the statute of limitations argument is that the plaintiff claims damage to his business. However, I do not read the motion for judgment to allege that the defendants damaged the plaintiffs' business. The motion for judgment alleges that the defendants damaged the plaintiff's personal property. At most, the closure of the plaintiff's Leesburg business may be a consequential damage, but it is questionable that the closure, if it is a damage, would have been foreseeable under the facts as alleged in the motion for judgment.

As the plaintiff was granted leave to file an amended motion for judgment as a result of the rulings on the Demurrers (see below), the Court directs the plaintiff to specify in the amended motion for judgment the precise property interest or interests of the plaintiff allegedly damaged by the actions of the defendants. The mere closing of a business is not a damage. The plaintiff could have voluntarily closed his

business. Damage to personal property does not always lead to the closure of a business.

Because the motion for judgment is construed to claim damage to personal property only, the plea of the statute of limitations is denied at this time.

### Plea of Res Judicata and Collateral Estoppel

This Plea is denied because it alleges factual matters which are not in evidence and of which this Court cannot take judicial notice.

### Demurrer of DeLuca and Countryside

The Demurrer is sustained for the reasons stated above on the ground that the motion for judgment does not allege sufficient facts to show that the plaintiff is entitled to recover for the closure of its business or to show a causal link between the damage to personal property and the closure of the business.

The motion for judgment does not allege facts to support a claim for punitive damages. Merely alleging facts which show on their face mere acts of negligence or an intentional tort and then alleging that such acts were done "recklessly" or "with wanton oppression" or "with malice" does not state a claim for punitive damages. The Demurrer is sustained on this ground.

Finally, the Demurrer is sustained because I am of the opinion that a corporation cannot recover "emotional damages."

The Demurrer of the DeLucas and Countryside is sustained.

### Demurrer of Sheriff Isom

The only allegation of any wrongdoing by Sheriff Isom is that his deputies executed on more property than was necessary to pay the judgment and costs. The plaintiff does not allege that the deputies damaged any of the personal property. It is alleged that the other defendants caused the damage to the personal property. No facts are alleged that show that any improper levy by Sheriff Isom caused damage to the plaintiff. There is no allegation that the Sheriff negligently allowed the other defendants access to the property. Even if the plaintiffs' claim against the Sheriff concerns damage to its business, there are no facts alleged to show that any wrongful levy caused such damage. The plaintiff alleges that the business closure was necessitated

by the damage done by the other defendants to the plaintiff's personal property.

The Demurrer of Sheriff Isom is sustained.

### Order

Let Mr. Jacob submit an order consistent herewith granting the plaintiff leave to file an amended motion for judgment on or before December 30, 1992. The defendants shall have twenty-one days after its filing to file responsive pleadings. Any counsel may note an exception to the order.

### March 19, 1993

On March 5, 1993, the Court heard argument on the Plea of Res Judicata and Collateral Estoppel filed by the defendants, Robert R. DeLuca, Marilyn S. DeLuca and Countryside Commercial and Professional Center.

After consideration of the argument and the Request for Admissions filed by these defendants and deemed admitted by the plaintiff, the Plea is overruled.

The only issues that have been previously litigated were those involved in the damage to the rug upon which Mrs. DeLuca originally sued Star Rug in 1989 in the General District Court of Loudoun County and obtained a judgment. After Star Rug paid the judgment, it sued Mrs. DeLuca in General District Court for the return of the money paid to satisfy the judgment or the return of the rug. The General District Court found for Mrs. DeLuca. Star Rug then appealed to this Court which sustained a plea of res judicata and collateral estoppel in July 1992.

The Amended Motion for Judgment filed herein on December 30, 1992, contains allegations of negligence against these defendants in the levy and storage of the plaintiffs' furniture and carpets. The plaintiff alleges that the furniture and carpets were soiled and damaged due to these defendants' negligence when its property was levied upon and stored after the judgment obtained by Mrs. DeLuca in General District Court in 1989.

These defendants claim that the allegations of negligence in the Amended Motion for Judgment filed herein are matters which might have been litigated in the General District Court proceedings brought by the plaintiff against Mrs. DeLuca in 1991.

The doctrine of res judicata is not as broad as these defendants assert. When a second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive on the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether such issues, as a matter of fact, were or were not considered in the first suit. 8B M.J., *Former Adjudication or Res Judicata*, § 49.

The plea of res judicata and collateral estoppel was sustained in July 1992 in the plaintiff's appeal from the General District Court because the parties were the same and the issue of the return of the rug was certainly incident to or essentially connected with Mrs. DeLuca's suit in 1989 against Star Rug for damage to the rug. However, the present case adds other parties defendant besides Mrs. DeLuca. Further, the alleged negligence in the levy and storage after obtaining the judgment in the 1989 General District Court suit was not incident to or essentially connected with Star Rug's proceeding against Mrs. DeLuca eventually appealed to this Court in 1992. That case involved the one rug damaged by Star Rug in 1989, and it had nothing to do with the subsequent levy.